# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40301
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELMO MENCHACA-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1414-1

Before JONES, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Following the denial of his motion to suppress contraband seized during a consensual search of his residence as well as his subsequent inculpatory statements, Elmo Menchaca-Lopez entered a conditional guilty plea, under Federal Rule of Criminal Procedure 11(a)(2), to conspiracy to possess cocaine with intent to distribute. In this appeal, Menchaca-Lopez asserts that the district court reversibly erred in denying his motion to suppress evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40301

because his consent to search was induced by coercive actions and statements by law enforcement officers.  He further contends that his subsequent inculpatory statements warranted suppression as the fruit of the unconstitutional search of his residence.

The Fourth Amendment to the United States Constitution guarantees individuals the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  Warrantless searches are per se unreasonable under the Fourth Amendment, subject to a few specific exceptions.  *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).  "[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."  *Id*.  When a search is based on consent, the Government bears the burden of proving, based on the totality of the circumstances, that consent was voluntarily given.  *United States v. Dilley*, 480 F.3d 747, 749 (5th Cir. 2007).  On appeal from the denial of a motion to suppress, we review a district court's factual finding that consent was voluntarily given for clear error.  *See id*.

Menchaca-Lopez asserts that his consent to search his residence was involuntarily coerced by two factors.  First, he argues that the show of authority by law enforcement officers, which included a cadre of armed state and federal agents outside his property and a United States Border Patrol helicopter orbiting above, made him believe that a search of his residence would occur whether or not he consented to one.  Second, he contends that one of the police officers furthered that belief by informing him that agents would either obtain a search warrant for his residence or conduct a warrantless search of his residence if he did not consent.

Reviewing the record under the governing precedents, we conclude that the district court did not clearly err in resolving those factual inquiries against

2

Menchaca-Lopez.   First, beyond the law enforcement agents' mere armed presence, Menchaca-Lopez does not point to any specific provocative behavior on their part—nor was any identified through the testimony of the agents themselves—that would have caused him reasonably to believe that a search of his residence would occur even if he denied consent.  *See United States v. Martinez*, 410 F. App'x 759, 764 (5th Cir. 2011) (holding that "the mere presence of armed officers does not render a situation coercive").

Second, the district court heard conflicting testimony as to whether police officers threatened Menchaca-Lopez that they would search his residence, with or without a warrant, if he did not give consent and ultimately credited the officers' testimony that no such threat was made.  Giving utmost deference to the district court's determinations of witness credibility, *see United States v. Solis*, 299 F.3d 420, 439 (5th Cir. 2002), we conclude that the district court's finding that Menchaca-Lopez's consent was not coerced by police threats is "plausible in light of the record as a whole." *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010) (internal quotation marks and citation omitted).

Viewing the evidence in the light most favorable to the Government, we hold that the district court did not err in denying Menchaca-Lopez's motion to suppress evidence.  *See Gomez*, 623 F.3d at 268-69.  Accordingly, we further hold that the district court did not err in denying the motion to suppress his related inculpatory statements as "fruit of the poisonous tree." *United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012) (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.